| | | |
|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: ROBERT SHILTS<br>CASE NUMBER:   0758 3:15CR00111-001 | Judgment - Page 1 |

# United States District Court

## Western District of Wisconsin

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE**<br>(for offenses committed on or after November 1, 1987) |
| V. | **Case Number:**   0758 3:15CR00111-001 |
| Robert Shilts | **Defendant's Attorney:**   Joseph Bugni |

The defendant, Robert Shilts, pleaded guilty to Count 1 of the information.

The defendant has been advised of his right to appeal.

**ACCORDINGLY**, the court has adjudicated defendant guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 2252(a)(4)(B) and (b)(2) | Possession of Child Pornography, Class C felony | May 18, 2015 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment.   The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.   If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

| | | |
|---|---|---|
| **Defendant's Date of Birth:** | 1986 | April 27, 2017 |
| **Defendant's USM No.:** | 09159-090 | Date of Imposition of Judgment |
| **Defendant's Residence Address:** | | */s/ William Conley* |
| | New Auburn, WI 54757 | |
| **Defendant's Mailing Address:** | | William M. Conley |
| | | District Judge |
| | Baraboo, WI 53913 | |
| | | May 1, 2017 |
| | | Date Signed: |

AO 245 B (Rev. 3/01)(N.H. Rev.)     DEFENDANT: ROBERT SHILTS     CASE NUMBER: 0758 3:15CR00111-001     Judgment - Page 2

## IMPRISONMENT

As to Count 1 of the information, it is adjudged that the defendant is committed to the custody of the Bureau of Prisons for a term of 36 months.

I strongly recommend that the defendant be placed in a facility that meets his programming needs, including mental and physical health and ability, and that provides sex offender treatment. I also recommend that the defendant receive mental health treatment, educational and vocational training. Finally, I highly recommend that the defendant be afforded prerelease placement in a residential reentry center with work release privileges.

The U.S. Probation Office is to notify local law enforcement agencies, and the state attorney general, of defendant's release to the community.

## RETURN

**I have executed this judgment as follows:**

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States Marshal

By _____
Deputy Marshal

# SUPERVISED RELEASE

A term of supervised release of at least five years is required by statute. Based on the nature of the offense and the defendant's pattern of sexual behaviors that began at an early age, the term of imprisonment is to be followed by 15 years of supervised release. In light of the nature of the offense and the defendant's personal history, I adopt conditions 1 through 4, 7 through 9, and 11 through 23, noting that neither party has raised any objections to the proposals.

If the BOP is unable to place the defendant into prerelease placement, I recommend that as special condition number 24, the defendant shall spend the first 180 days in a residential reentry center as approved by the supervising U.S. probation officer. Defendant may be absent from the center for employment purposes, for mental health counseling and treatment, and for passes consistent with program rules. Defendant is to pay defendant's own medical expenses, if any, and is to pay 25% of defendant's gross income toward the daily cost of residence. Defendant may be discharged early from the facility upon the approval of both the facility administrator and the supervising U.S. probation officer.

The instant offense is not drug related and the defendant has no history of drug use. Therefore, the requirement for drug testing set forth at 18 U.S.C. § 3583(d) is waived.

If, when the defendant is released from confinement to begin his term of supervised release, either the defendant or the supervising probation officer believes that any of the conditions imposed today are no longer appropriate, either one may petition the Court for review.

Defendant is to abide by the statutory mandatory conditions.

## Statutory Mandatory Conditions

Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

Defendant shall not commit another federal, state, or local crime.

Defendant shall not illegally possess a controlled substance.

If defendant has been convicted of a felony, defendant shall not possess a firearm, destructive device, or other dangerous weapon while on supervised release.

Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

Defendant shall comply with the standard and special conditions that have been adopted by this court.

## Standard Conditions of Supervision

1) Defendant shall not leave the judicial district in which defendant is being supervised without the permission of the Court or probation officer;

2) Defendant is to report to the probation office as directed by the Court or probation officer and shall submit a complete written report within the first five days of each month, answer inquiries by the probation officer, and follow the officer's instructions. The monthly report and the answer to inquiries shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent;

3) Defendant shall maintain lawful employment, seek lawful employment, or enroll and participate in a course of study or vocational training that will equip defendant for suitable employment, unless excused by the probation officer or the Court;

4) Defendant shall notify the probation officer within seventy-two hours of any change in residence, employer, or any change in job classification;

5) ~~Defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;~~

6) ~~Defendant shall not visit places where defendant knows or has reason to believe controlled substances are illegally sold, used, distributed, or administered;~~

7) Defendant shall not meet, communicate, or spend time with any persons defendant knows to be engaged in criminal activity or planning to engage in criminal activity;

8) Defendant shall permit a probation officer to visit defendant at home, work, or elsewhere at any reasonable time and shall permit confiscation of any contraband observed in plain view by the probation officer;

9) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

10) ~~Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;~~

11) As directed by the probation officer, defendant shall notify third parties of risks that may be occasioned by defendant's criminal record or personal history or characteristics. The probation officer may also take steps to confirm defendant's compliance with this notification requirement or provide such notifications directly to third parties.

**Special Conditions of Release**

12) Provide the supervising U.S. probation officer any and all requested financial information, including copies of state and federal tax returns.

13) Submit person, property, residence, papers, vehicle, computers [as defined in 18 U.S.C. § 1030(e)(1), or other electronic communications, data storage device, or media], or office to a search conducted by a U.S. probation officer at a reasonable time and manner, whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release relating to substance abuse or illegal activities; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises defendant is occupying may be subject to searches pursuant to this condition.

14) Defendant shall provide the supervising U.S. probation officer advance notification of any devices associated with or falling within the general category of information technology (IT) that produce, manipulate, store, communicate or disseminate information used by defendant. This includes external and portable hard drives. The probation office is authorized to install applications to monitor any such devices owned or operated by defendant. Defendant is required to comply with the monitoring agreement and may not disable or circumvent any applications. Defendant shall consent to and cooperate with unannounced examinations of any technological equipment owned or used by defendant, including but not limited to retrieval and copying of all data from all information technology devices and any internal or external peripherals

Case: 3:15-cr-00111-wmc   Document #: 57   Filed: 05/02/17   Page 5 of 7

| | DEFENDANT: ROBERT SHILTS | |
|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | CASE NUMBER: 0758 3:15CR00111-001 | Judgment - Page 5 |

based on reasonable suspicion of contraband or illegal activity. The examinations may involve removal of such equipment for the purpose of conducting examination.

15) Not possess any visual or audio recording devices.

16) Not possess any material containing sexually explicit of conduct of minors as defined in 18 U.S.C. § 2256(8), including pictures, photographs, books, writings, drawings, videos, video games.

17) Not enter any establishment involved in the sex industry, including stores, massage parlors, and strip clubs. Defendant shall not utilize any sex-related adult services. The supervising U.S. probation officer is authorized to monitor compliance in this area by obtaining telephone records, credit card bills, and credit reports.

18) Not own, use or have access to the services of any commercial mail-receiving agency or open or maintain a post office box without the prior approval of the supervising U.S. probation officer.

19) Not meet or spend time with any person under the age of 18 or have verbal, written, telephonic or electronic communication with any such person, except with the express permission of the minor's parent or legal guardian and the supervising U.S. probation officer. This provision does not include persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom defendant must deal in order to obtain ordinary and usual commercial services.

20) Not work in any occupation, business or profession, or participate in any volunteer activity where defendant has access to children under the age of 18 without the prior approval of the supervising U.S. probation officer.

21) Comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C §16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which defendant resides, works, is a student or was convicted of a qualifying offense.

22) As approved by the supervising U.S. Probation Officer, undergo psychosexual evaluations which may involve the use of polygraph examinations. Defendant shall participate in an outpatient sex offender counseling program if recommended by the evaluator, which may involve the continued use of polygraph examinations. Defendant's answers to questions by the treatment provider, probation officer and polygraph examiner shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent. Defendant shall follow all treatment requirements and restrictions. If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding. Participation in treatment does not require payment by defendant unless it is clear defendant can afford it. Defendant shall allow reciprocal release of information between the supervising U.S. probation officer and the treatment provider.

23) Participate in mental health referral, assessment and treatment as approved by the supervising U.S. probation officer and comply with all rules, regulations and recommendations of the mental health agency or its representative to the extent approved by the supervising U.S. probation officer. If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding. Participation in treatment does not require payment by defendant unless it is clear defendant can afford it.

ACKNOWLEDGMENT OF CONDITIONS

I have read or have had read to me the conditions of supervision set forth in this judgment, and I fully understand them. I have been provided a copy of them.   I understand that upon finding a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_____            _____
Defendant                                                              Date

_____            _____
U.S. Probation Officer                                            Date

## CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total financial penalties in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|-------|------------|------|-------------|
| 1 | $100.00 | $0.00 | $500.00 |
| **Total** | $100.00 | $0.00 | $500.00 |

It is adjudged that the defendant is to pay a $100.00 criminal assessment penalty to the Clerk of Court for the Western District of Wisconsin immediately following sentencing.

The defendant does not have the means to pay a fine under § 5E1.2(c) without impairing his ability to support himself after his release from custody so I will not impose a fine.

Based on the offense of conviction, the defendant is required to pay a $5,000 assessment under the Justice for Victims of Trafficking Act of 2015, unless he is indigent. The defendant has been appointed counsel and does not have the financial resources to pay his assessment. I find that the defendant is indigent and this assessment is waived.

A final order of forfeiture is granted for the property seized from the defendant as reflected in the forfeiture order, in accordance with 18 U.S.C. § 2253.

## RESTITUTION

The defendant is to pay mandatory restitution to the U.S. Clerk of Court for the Western District of Wisconsin. The defendant is to pay mandatory restitution in the amount of $500.00 to the U.S. Clerk of Court for the Western District of Wisconsin to be disbursed to:

> Deborah A. Bianco P.S.
> In trust for Pia, Ava and/or Mya
> 14535 Bellevue-Redmond Rd.
> Suite 201
> Bellevue, WA 98007

The defendant does not have the economic resources to allow himself to make full payment of restitution in the foreseeable future under any reasonable schedule of payments. Pursuant to 18 U.S.C. § 3664(f)(3)(B), he is to begin making nominal payments of a minimum of $50 each month, beginning within 30 days of his release from imprisonment.

The defendant shall notify the court and the United States Attorney General of any material change in the defendant's economic circumstances that might affect defendant's ability to pay restitution.

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:

      (1) assessment;
      (2) restitution;
      (3) fine principal;
      (4) cost of prosecution;
      (5) interest;
      (6) penalties.

The total fine and other monetary penalties shall be due in full immediately unless otherwise stated elsewhere.

Unless the court has expressly ordered otherwise in the special instructions above, if the judgment imposes a period of imprisonment, payment of monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

In the event of a civil settlement between victim and defendant, defendant must provide evidence of such payments or settlement to the Court, U.S. Probation office, and U.S. Attorney's office so that defendant's account can be credited.